In the Matter of the Application of THOMAS BOOKER and Others, as Maintenance Employees of Union Free School District No. 2, Town of Eastchester, Petitioners, against GRACE A. REAVY and Others, Constituting the Civil Service Commission of the State of New York, Respondents.

Supreme Court, Special Term, Albany County, May 31, 1939.

*Alexander J. Brown* [*Adrian Seligman* of counsel], for the petitioners.

*John J. Bennett, Jr.,* Attorney-General [*Patrick H. Clune* and *Everett D. Mereness, Assistant Attorneys-General,* of counsel], for the respondents.

BERGAN, J. The essential facts are stipulated. Since the statute (Civ. Service Law, § 10) requires the approval of the Governor to the enactment by the respondents of rules for the classification of the civil service in the civil divisions of the State, the respondents have no statutory duty to extend the rules of the Civil Service Commission to the petitioners in the absence of an approval by the Governor. The respondents have complied with whatever duty may be implied from the Constitution or statute,

by their resolution of October 6, 1938, extending the civil service rules to the maintenance employees of Union Free School District No. 2, Town of Eastchester. The Legislature has determined that the extension is ineffectual unless it has the approval of the Governor. That the Governor has not approved the extension is certainly no act by the respondents entitling petitioners to relief against them within the scope of subdivision 1 or 5 of section 1296 of the Civil Practice Act.

Petitioners also seek a declaration by the court that the requirement of the statute that an extension of the civil service rules be approved by the Governor is invalid because of its conflict with section 6 of article 5 of the State Constitution.

This declaration is refused. The conflict between Constitution and statute is not apparent. Appointment and promotion in the civil divisions of the State must be made according to merit and fitness. These must be ascertained, so far as practicable, by competitive examination. The Legislature is directed " to provide for the enforcement " of the section. It has provided the means of extension of civil service rules to civil divisions of the State. The means include gubernatorial approval. Neither directly nor indirectly, explicitly nor implicitly, is this administrative requirement of the statute inharmonious with the constitutional policy of the State. From the very beginning of civil service regulation in this State, and continuously since, the Governor has been charged with responsibilities in respect of civil service rules. The statute requiring his assent to the extension of the rules of civil divisions of the State is reasonable and entirely consistent with the civil service policy of the State, expressed in the Constitution.

The petition is dismissed. No costs.

Submit order.